UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN K. CLARK, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1357 (JCH) |
| ) | |
| PAT SMITH, ) | |
| ) | |
|    Respondent. ) | |

**ORDER**

    The matter is before the Court on Petitioner's Motion for Appointment of Counsel, filed July 27, 2007. (Doc. No. 3). Petitioner filed his 28 U.S.C. § 2254 cause of action on July 27, 2007. (Doc. No. 1).

    There is no constitutional or statutory right to appointed counsel in a civil case. <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the petitioner has presented non-frivolous allegations supporting his prayer for relief, whether the petitioner will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the petitioner's allegations, and whether the factual and legal issues presented by the action are complex. <u>See</u> <u>Battle v. Armontrout</u>, 902 F.2d 701, 702 (8th Cir. 1990); <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986); <u>Nelson</u>, 728 F.2d at 1005.

    After considering Petitioner's motion in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment

Dockets.Justia.com

- 2 -

of counsel at this time. In addition, the pleadings, and subsequent motions, filed by Petitioner indicate that he is capable of presenting the facts and legal issues without the assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED**.

Dated this 31st day of July, 2007.

                                       /s/ Jean C. Hamilton
                                       UNITED STATES DISTRICT JUDGE