UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN K. CLARK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1357 JCH |
| ) | |
| PAT SMITH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Calvin K. Clark's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On May 27, 2004, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of assault in the first degree, one count of armed criminal action, and one count of attempted robbery in the first degree. Petitioner was sentenced to life imprisonment on the assault conviction, thirty years on the armed criminal action conviction, and fifteen years on the attempted robbery conviction, all sentences to run consecutively. Petitioner's convictions and sentence were affirmed on appeal. State v. Clark, 197 S.W.3d 598 (Mo. banc 2006). Petitioner then filed a petition for writ of certiorari with the Supreme Court of the United States, which was denied on January 16, 2007. (Resp. Exh. 9). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied as untimely filed after an evidentiary hearing. (Resp. Exhs. 7, 8). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Clark v. State, 261 S.W.3d 565 (Mo. App. 2008).

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, Petitioner claims the trial court erred in

allowing the State to present evidence of Petitioner's prior acquittals for murder during the penalty phase of his trial.[1]  (§ 2254 Petition, PP. 9-14).

## **DISCUSSION**

As stated above, in his petition Petitioner asserts the trial court erred in allowing the State to present evidence of Petitioner's prior acquittals for murder during the penalty phase of his trial.  (§ 2254 Petition, PP. 9-14).  Petitioner raised this claim on direct appeal of his convictions, and on transfer from the Missouri Court of Appeals, the Missouri Supreme Court denied the claim as follows:

> In his sole point relied on, Clark argues that the trial court erred by allowing the State to introduce evidence of acquitted crimes during the penalty phase of the trial.  Section 557.036.3, RSMo Supp. 2004,[2] states:
>
> > If the jury at the first stage of a trial finds the defendant guilty of the submitted offense, the second stage of the trial shall proceed.  The issue at the second stage of the trial shall be the punishment to be assessed and declared.  Evidence supporting or mitigating punishment may be presented.  Such evidence may include, within the discretion of the court, evidence concerning the impact of the crime upon the victim, the victim's family and others, the nature and circumstances of the offense, and the *history and character of the defendant* (emphasis added).
>
> As a general rule, the trial court has discretion during the punishment phase of trial to admit whatever evidence it deems to be helpful to the jury in assessing punishment. *State v. Winfield,* 5 S.W.3d 505, 515 (Mo. banc 1999); *State v. Kinder,* 942 S.W.2d 313, 331 (Mo. banc 1996).  Both the State and the defendant may introduce any evidence pertaining to the defendant's character in order to help the jury assess punishment in a penalty phase setting. *State v. Jaco,* 156 S.W.3d 775, 781 (Mo. banc 2005).  Even evidence of a defendant's prior unadjudicated criminal conduct may be heard by the jury in the punishment phase of a trial.  *Winfield,* 5 S.W.3d at 515; *see also State v. Ferguson,* 20 S.W.3d 485, 500 (Mo. banc 2000)

---

[1] Petitioner originally raised eight other claims for relief in his habeas petition.  (§ 2254 Petition, PP. 27-60).  In his Traverse, however, filed January 30, 2009, Petitioner conceded these claims.  (Doc. No. 18, PP. 8-9).

[2] All other statutory references are to RSMo 2000, unless otherwise noted.

(holding that admitting unadjudicated bad acts during the penalty phase did not violate due process).

In this case, the jury found Clark guilty. Afterwards, during the penalty phase of the trial, the State introduced evidence that Clark shot five other individuals, killing four of them--three in a triple homicide, one in a separate incident. The State also introduced evidence that all those individuals were shot with the same gun that Clark used to shoot the victim in this case. Clark stood trial for these shootings in two separate trials and was found not guilty both times.

The State introduced Clark's previous acquittals during the second phase of the trial to support the State's request that Clark be sentenced to the maximum terms available for his crimes, not to determine whether Clark was guilty of shooting the victim. The trial court took judicial notice of Clark's earlier acquittals in open court before the jury. In the trial's sentencing phase Clark's counsel and the state reminded the jury of the acquittals in opening statement and closing argument.

Whether the State can introduce evidence of Clark's previous acquittals during the penalty phase is an issue of first impression in this state. The United States Supreme Court, however, directly addressed this issue in *United States v. Watts,* 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). In *Watts,* the Court found that an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof. *Id.* at 157, 117 S.Ct. 633. *Watts* also held that a jury's verdict of not guilty does not prevent the sentencing court from considering conduct underlying the charge, so long as that conduct has been proved by a preponderance of the evidence. *Id.*

The Supreme Court based its holding, in part, on the 18 U.S.C. Section 3661, which provides: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *See Watts,* 519 U.S at 151, 117 S.Ct. 633. Much like the United States Code, section 557.036.3, RSMo Supp. 2004, allows the sentencing trial court to consider "[e]vidence supporting or mitigating punishment." "Such evidence may include, within the discretion of the court, evidence concerning the impact of the crime upon the victim, the victim's family and others, the nature and circumstances of the offense, and the history and character of the defendant." *Id.*

In *Watts,* the Supreme Court reasoned that an acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt. 519 U.S. at 155, 117 S.Ct. 633. An acquittal is not a finding of any fact. *Id.* An acquittal can only be an acknowledgment that the government failed to prove an essential element of the offense beyond a reasonable doubt. *Id.* Without specific jury findings, no one can logically or realistically draw any factual finding inferences. *Id.* As such, the Supreme Court held that an acquittal

in a criminal case does not preclude the government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof. *Id.; Dowling v. United States,* 493 U.S. 342, 349, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990).

In *Jaco,* this Court held that the punishment phase of a trial is generally subject to a lower standard of proof than the guilt phase of the trial. 156 S.W.3d at 780. In *Jaco,* the defendant's 20-year sentence was within the original, unenhanced range of punishment, which was 10 to 30 years or life imprisonment for abusing and causing the death of her 13-month-old child. *Id.* at 777, 780. In *Jaco,* the court found that neither *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) nor *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), held that a jury is required to find facts beyond a reasonable doubt to impose a sentence that is within the unenhanced range of punishment for an offense. *Id.* at 780. Instead, under *Ring* and *Apprendi,* facts that are the functional equivalent of elements of offenses, such as a statutory aggravating circumstance that is required for eligibility for the death penalty, must be found beyond a reasonable doubt. *Id.; see also Ring,* 536 U.S. at 602, 122 S.Ct. 2428; *Apprendi,* 530 U.S. at 482-83, 120 S.Ct. 2348. This Court held that since the defendant's sentence was within the original unenhanced range of punishment, any facts that would have tended to assess her punishment within that range were not required to be found beyond a reasonable doubt by a jury. *Jaco,* 156 S.W.3d at 780-81.

Much like the defendant in *Jaco,* Clark's sentences were within the original unenhanced range of punishment. The jury found Clark guilty of assault in the first degree, a Class A felony, armed criminal action, an unclassified felony, and attempted robbery in the first degree, a Class B felony. The authorized term of imprisonment for a Class A felony is a term of years not less than ten years and not to exceed 30 years, or life imprisonment. *Section 557.011.1(1).* The authorized term of imprisonment for a Class B felony is a term of years not less than five years and not to exceed 15 years. *Section 557.011.1(2).* Under section 571.015.1, an individual convicted of armed criminal action shall be punished by imprisonment by the department of corrections and human resources for a term of not less than three years. The statute specifies a minimum sentence of three years but does not state a maximum penalty. *State v. Norton,* 949 S.W.2d 672, 678 (Mo.App.1997). The absence of a stated maximum penalty merely indicates a legislative intent that a defendant convicted of the offense may be sentenced to any term of years above the minimum, including life. *Thurston v. State,* 791 S.W.2d 893, 895 (Mo.App. 1990). Since Clark was sentenced to life imprisonment on the assault count, 30 years on the armed criminal action count, and 15 years on the attempted robbery count, all the sentences were within the original unenhanced range of punishment.

As Clark did not receive enhanced sentences, any facts that would have tended to assess his punishment within that range were not required to be found beyond a reasonable doubt by a jury. Since those facts were subject to a lower standard of proof than beyond a reasonable doubt, the State was not precluded from introducing

evidence of Clark's prior incidents during the penalty phase of the trial. *See Watts,* 519 U.S. at 155, 117 S.Ct. 633. As the Supreme Court reasoned in *Watts,* "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *Id.* at 157, 117 S.Ct. 633. As such, the trial court did not err by allowing the State to introduce evidence of Clark's prior acquittals during the penalty phase of the trial.

State v. Clark, 197 S.W.3d at 600-602.

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court holds the Missouri Supreme Court's findings were neither contrary to federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. See United States v. Watts, 519 U.S. 148, 156, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); United States v. Papakee, 573 F.3d 569, 576 (8th Cir. 2009) (citation omitted) ("It is settled in this circuit, however, that the Constitution does not preclude a district court from considering acquitted conduct in sentencing a criminal defendant."). The determination thus is entitled to deference pursuant to 28 U.S.C. § 2254(d), and Petitioner's petition must be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claim is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 19th day of February, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE